UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANNETTE MCEACHIN,** <br><br> Plaintiff, <br><br> vs. <br><br> **RELIANCE STANDARD LIFE INSURANCE COMPANY,** <br><br> Defendant. | **2:21-CV-12819-TGB-EAS** <br> HON. TERRENCE G. BERG <br> HON. ELIZABETH A. STAFFORD <br><br><br> **ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION (ECF NO. 19)** |

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation of January 27, 2023 recommending that Plaintiff's motion for summary judgment (ECF No. 10) be denied and that Defendant's motion for summary judgment (ECF No. 11) be granted. For the reasons that follow, Judge Stafford's Report and Recommendation will be accepted in part and rejected in part. Judge Stafford's conclusion that McEachin was not disabled by a physical condition as of April 2021 will be accepted and adopted. Judge Stafford's conclusion that McEachin has exhausted the policy's 24-month limit on benefits for mental conditions as of April 2021 will be rejected.

### I. BACKGROUND

Plaintiff McEachin was covered under a long-term disability insurance policy issued by Defendant Reliance Standard Life. Under the

1

policy, McEachin would be entitled to benefits if she became "totally disabled," that is, if she could not 'perform the material duties of [her] Regular Occupation." Record, ECF No. 9, PageID.24, 35. McEachin's "regular occupation" was the job she was "routinely performing" when her disability began: in this case, McEachin served as a human resources manager. *Id.* at PageID.34, 575-576.

On February 7, 2017, McEachin was in a car accident. *Id.* at PageID.527. She stopped working immediately. *Id.* McEachin was approved for disability benefits beginning on May 8, 2017 based on "Head, Neck, Back pain and headaches due to whiplash/post-concussion syndrome." *Id.* at PageID.424, 587. In December, 2017, McEachin was involved in a second car crash. *Id.* at PageID.553. In October, 2019, McEachin sought behavioral health treatment after her son died by suicide. *Id.* at PageID.555.

On October 29, 2020, Reliance terminated McEachin's benefits. ECF No. 9, PageID.526. Reliance had reviewed medical records from 2017 through 2020, including updated medical records from McEachin's treating physicians in 2020. *Id.* at PageID.527-30. McEachin appealed Reliance's decision and submitted supplemental medical information. *Id.* at PageID.533. On November 23, 2020, Reliance concluded that the new information showed that McEachin was totally disabled, and reopened her benefits claim. *Id.*

2

On April 1, 2021, Reliance again terminated McEachin's benefits after reviewing updated medical records. *Id.* at PageID.537-40. McEachin appealed once again and submitted additional documents. *Id.* at PageID.546. Reliance referred McEachin's claim to two independent physicians who prepared reports. *Id.* at PageID.558-562. In light of those reports and McEachin's entire file, Reliance found that McEachin was not precluded by physical disability from performing her regular occupation. While Reliance concluded that McEachin *was* totally disabled as a result of psychological conditions, it did not authorize benefits because it determined that she had already exhausted the policy's 24-month maximum duration for benefits due to a mental condition. *Id.* at PageID.559-60, 563.

Because it concluded that she was not disabled by a physical condition and had already exhausted the 24-month limit on benefits for disabilities caused by a mental condition, Reliance upheld its decision to terminate McEachin's benefits in October, 2021. *Id.* at PageID.563.

McEachin filed this suit about a month and a half later. *See* Compl., ECF No. 1. The undersigned referred the parties' cross-motions for summary judgment to Magistrate Judge Elizabeth A. Stafford for a Report and Recommendation. Judge Stafford issued a report and recommendation on January 27, 2023, recommending that the Court deny McEachin's motion and grant Reliance's motion. McEachin has

3

objected to that report and recommendation, and Reliance responded to McEachin's objections.

## II. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Plaintiff timely objected. Objections, ECF No. 20, 21. This Court must conduct a de novo review of the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## III. ANALYSIS

### a. Plaintiff's Objection 1

First, McEachin argues that Judge Stafford applied the wrong standard in evaluating the reports and conclusions of the doctors who examined McEachin's file on Reliance's behalf. McEachin argues that Judge Stafford effectively applied the more deferential "arbitrary and capricious" standard, based on her citation to *Edwards v. Metro. Life Ins. Co.*, 737 F. Supp. 2d 743 (E.D. Mich. 2010) and *Mellian v. Hartford Life & Accident Ins. Co.*, 161 F. Supp. 3d 545 (E.D. Mich. 2016)—cases that evaluated file reviewers' opinions under an arbitrary and capricious standard rather than the de novo standard that properly applies here.

4

Accordingly, McEachin argues, Judge Stafford may have given too much deference to Reliance's file reviewers, accepting their reports even if they were merely "adequate," rather than conducting the required de novo review to determine whether Reliance made the right decision. Reliance responds that Judge Stafford recognized that her review was de novo, thoroughly examined the reviewing physicians' statements, and did not afford them any deference.

Judge Stafford briefly mentioned *Edwards*, *Mellian*, and the factors that courts use when applying the arbitrary and capricious standard to file reviews: that "file reviews may support an unfavorable benefits decision of they are reasonable and based on the evidence," and that a file review is "adequate" if it describes the data reviewed, does not reach incredible conclusions, and does not ignore evidence favorable to the plaintiff. *See* Report and Recommendation, ECF No. 19, PageID.3803, 3807 (citation and internal marks omitted).

But it is clear that Judge Stafford applied the appropriate de novo standard in considering whether the plan determination was correct. Judge Stafford explained that her review was de novo, and noted that the task before her was to "take into account all of the medical evidence, giving each doctor's opinion weight in accordance with the supporting medical tests and objective findings that underlie the opinion." ECF No. 19, PageID.3802 (citation omitted). And although she considered the factors discussed in *Edwards*, determining that Reliance's file reviewers

5

described the data reviewed, considered evidence favorable to McEachin, and did not reach "incredible" conclusions, Judge Stafford did not automatically accept the opinions of those file reviewers just because they satisfied the *Edwards* factors. And indeed, considering those aspects of the file reviewers' opinions is helpful, even when evaluating the reviewers' credibility on a de novo review.

Instead, Judge Stafford weighed the opinions of the doctors who reviewed McEachin's file against those of the doctors who treated her. Judge Stafford noted that the opinions she found not credible were "conclusory and unsupported by objective findings." ECF No. 19, PageID.3810-11. Explaining why she credited the opinions of Reliance's reviewers over McEachin's treating doctors, Judge Stafford stated that "the treating physicians' opinions that [McEachin was] disabled lacked detail about her functional limitations and the objective evidence supporting her alleged disabling limitations." *Id.* at PageID.3809.

Judge Stafford clearly understood that the proper standard of review required the court to evaluate and weigh the opinions of the various treating and examining doctors to determine whether or not McEachin could perform her regular occupation, and not merely to accept the opinions of Reliance's reviewers so long as they were "adequate." Accordingly, Plaintiff's first objection is no reason to reject Judge Stafford's recommendation.

6

### b. Plaintiff's Objection 2

Next, McEachin objects to Judge Stafford's conclusion that McEachin's condition "improved during the relevant time period." Objections, ECF No. 21, PageID.3834. McEachin does not appear to dispute that her condition improved during the period Judge Stafford considered. Rather, she argues that Judge Stafford looked at the wrong period. McEachin casts the relevant timeframe as April 1, 2020 (the initial termination of McEachin's benefits) to October 8, 2021 (when Reliance affirmed its initial denial). McEachin argues that she underwent an additional spinal surgery during this period, belying the conclusion that her condition improved.

Reliance responds that the relevant time period begins much earlier, and that what matters is that McEachin's condition had begun improving *prior to* Reliance's denial of benefits. Reliance argues that it is immaterial whether McEachin's condition worsened after Reliance initially denied benefits in April, 2021.

Judge Stafford appropriately limited her analysis to the period before April, 2021. In *Likas v. Life Ins. Co. Of North America,* the Sixth Circuit considered this issue. 347 F. App'x 162, 167 (6th Cir. 2009). The policy at issue in *Likas* provided that disability benefits would terminate on "[t]he date [the plan administrator] determines an Employee is not Disabled." *Id*. So too here, where the plan provides that benefits will stop on the earlier of the date that the insured "ceases to be Totally Disabled;"

7

or "fails to furnish the required proof of Total Disability." ECF No. 9, PageID.43.

As the Sixth Circuit explained, under such a plan, "because [a] plaintiff must show continuous disability and because coverage ends when a disability ends, any deterioration in health after the date coverage is denied is not relevant." *Likas*, 347 F. App'x at 167-68. Accordingly, the appropriate time period here is the period from the date Reliance approved McEachin's initial disability claim in 2017 to April, 2021, when Reliance denied McEachin's claim.

Judge Stafford focused her analysis on the appropriate period, and her conclusion that McEachin's condition improved during that time is well supported by the record. As Judge Stafford noted, McEachin's medical records reflect improvement in her condition between mid-2020 and early 2021. In July, 2020, McEachin told Dr. Hatch that she felt "so much better" after her January spinal surgery and could walk without a limp, although she was "not 100%." ECF No. 9-2, PageID.2075.

A re-evaluation report prepared on March 24, 2021 reflected that McEachin had participated in nineteen physical therapy sessions over the preceding two months. ECF No. 9-3, PageID.2283. During those sessions, McEachin "demonstrate[d] improved exercise tolerance, increased strength [and] endurance." *Id*. McEachin also reported decreased pain. *Id*. As Judge Stafford noted, the records further show

8

that McEachin's function improved in various other areas. ECF No. 19, PageID.3808.

Beginning in July, 2019, McEachin also reported that her migraine headaches were improving somewhat. ECF No. 9-2. PageID.1697. McEachin reported that Botox treatments were improving the "severity but not frequency of her headaches." *Id.* In early 2021, McEachin stated that she had had "significant improvement in her headaches" due to a combination of several medications and Botox injections, and was now experiencing ten headaches per month that were less severe than in the past. ECF No. 9-3, PageID.2378.

Judge Stafford analyzed the appropriate time period and correctly concluded that, during that time, McEachin's symptoms improved.

### c. Plaintiff's Objection 3

McEachin's third objection is to Judge Stafford's finding that McEachin's treating physicians' opinions lacked detail about her functional limitations. McEachin contends that Dr. Bono issued a "thoroughly reasoned, detailed and objectively supported" opinion. ECF No. 21, PageID.3835. McEachin does not offer argument about the opinions of her other treating doctors.

Reliance concedes in response that Dr. Bono's opinion was detailed and reasoned, but argues that Judge Stafford rightly concluded that the opinions of McEachin's other doctors were unsupported by objective evidence. Reliance also argues that Judge Stafford rightly found

9

unsupported Dr. Bono's opinion that McEachin would need to lie down periodically.

Judge Stafford appropriately found that the opinions of Doctors Kutcher and Hatch were conclusory and lacked detail. Dr. Kutcher's one-page opinion did not tie McEachin's diagnosis to any tests or examinations, and merely opined that she was unable to work due to her diagnoses. ECF No. 9-5, PageID.3585. As Judge Stafford observed, Dr. Hatch's opinion presents similar problems. *Id.* at PageID.3647.

With respect to Dr. Bono, Judge Stafford weighed his opinion against those of Reliance's reviewers. Judge Stafford did not ignore or arbitrarily discount Dr. Bono's opinion, but concluded that those of Reliance's doctors were more persuasive. And Judge Stafford appropriately concluded that Dr. Bono did not explain his opinion that McEachin would need to lie down regularly for hours at a time.

Ultimately, this Objection is more directed at the relative weight that Judge Stafford assigned to each of the treating and reviewing doctors' opinions. As Judge Stafford noted, under ERISA, treating physicians' opinions are not automatically entitled to any special weight. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003). In any event, the appropriateness of Judge Stafford's comparative weighting is addressed below with respect to Plaintiff's fifth objection.

10

### d. Plaintiff's Objection 4

Next, McEachin objects to Judge Stafford's finding that Reliance actually reviewed the opinions of McEachin's treating doctors, Doctors Bono, Kutcher, and Hatch. She says that Reliance's final termination letter ignored those opinions, and indeed misrepresented the record by stating that McEachin had not been subject to any activity restrictions. Reliance says that it reviewed and discussed those opinions in detail in its denial letter, and argues that McEachin has quoted the denial letter out of context with respect to activity restrictions.

In its denial letter, Reliance specifically said that it had reviewed the opinions of Doctors Bono, Kutcher, and Hatch. ECF No. 9, PageID.551. Across some thirteen pages, Reliance described in detail the medical records supplied by these doctors and noted their conclusions. *Id.* at PageID.551-563. Reliance also described in detail the reports of file reviewers Doctors Grattan, Dlugach, and Glass. *Id.* Those file reviewers considered and rejected the conclusions of the treating doctors McEachin identifies. Judge Stafford correctly concluded that Reliance considered the opinions of McEachin's treating doctors.

McEachin also argues that Reliance misrepresented the record by stating that "You (Plaintiff) . . . were not ordered any activity restrictions." ECF No. 21, PageID.3838 (citing ECF No. 9, PageID.557). The language about which McEachin complains appears in the middle of a paragraph discussing *new* medical records that McEachin provided

11

after Reliance's April 2021 denial. Throughout same letter, Reliance acknowledges that McEachin's doctors ordered activity restrictions. *See, e.g.*, ECF No. 9, PageID.552 ("You were not to lift greater than twenty pounds or work above shoulder level."); *Id.* at PageID.554 ("You were to resume wearing a collar while using a computer."). And all of Reliance's file reviewers concluded that, if she were to return to full-time work, McEachin could only do so with limitations. *Id.* at PageID.558-59. Accordingly, the Court is not persuaded that Reliance misinterpreted the record, because its own file reviewers acknowledged that, if McEachin could work at all, it would only be with restrictions. Instead, it appears that Reliance concluded that the new records provided by McEachin after Reliance's denial did not reflect any *new* restrictions or limitations.

Plaintiff's fourth objection presents no grounds to prevent this Court from accepting Judge Stafford's recommendation.

### e. Plaintiff's Objection 5

McEachin's fifth objection is to how the Report and Recommendation weighed the various doctors' opinions. Reliance contends that McEachin has impermissibly raised a broad disagreement with Judge Stafford's overall conclusion. To be sure, a general disagreement with a magistrate judge's legal analysis or objection to the entire report is not a cognizable objection. *Brown v. City of Grand Rapids, Michigan*, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). But

12

McEachin has not made such an objection. Her arguments are sufficiently specific to allow the Court to rule on them.

McEachin argues that she furnished Reliance with ample evidence of a physical disability. She points to diagnostic tests, the opinions of Doctors Bono, Kutcher, and Hatch, and her need for a third spinal surgery all after April 2, 2021. McEachin contends that all of this demonstrates a deterioration in her condition. ECF No. 21, PageID.3838-39. McEachin points to a cervical spine scan at the end of May 2021 that revealed an "incomplete fusion of the posterior CI arch," a consultation with Dr. Bono in August 2021 in which he opined that the "incomplete fusion" was causing McEachin's pain and recommended surgery, and the C4-C7 decompression surgery performed by Dr. Bono in October 2021. ECF No. 21, PageID.3839. McEachin also highlights the opinions of Doctors Kutcher and Hatch in August, 2021.

The central problem with McEachin's argument is that it overlooks the Sixth Circuit's instruction, discussed above, that "because coverage ends when a disability ends, any deterioration in health after the date coverage is denied is not relevant." *White v. Standard Ins. Co.*, 895 F. Supp. 2d 817, 851 (E.D. Mich. 2012), aff'd, 529 F. App'x 547 (6th Cir. 2013) (quoting *Likas*, 347 at 167-68). The evidence to which McEachin points all postdates the April 2021 date on which Reliance terminated her benefits. Accordingly, evidence of McEachin's October surgery does Not bear on the question of her eligibility for benefits in April.

13

Just as Judge Stafford concluded, the evidence available before April, 2021 supports the conclusion that McEachin no longer satisfied the Plan's definition of total disability due to a physical impairment. As discussed above, diagnostic tests and self-reported symptoms show that McEachin's condition was improving in early 2021. After physical therapy, McEachin reported increased physical capabilities and decreased pain. ECF No. 9-3, PageID.2283. And McEachin's migraine headaches responded to her medication regimen, decreasing in frequency and intensity. ECF Nos. 9-2, PageID.1697; 9-3, PageID.2378-79; ECF No. 9-5, PageID.3586.

Finally, Reliance's reviewers, particularly Dr. Grattan, acknowledged and incorporated into their opinions that McEachin still experienced significant pain and difficulty sitting or standing for prolonged periods. However, they did not go as far as Dr. Bono, who concluded that McEachin would need to lie down several times during the day for periods of longer than an hour. ECF No. 9-5, PageID.3632. But Dr. Bono did not explain with particularity why McEachin could not return to any sedentary role even with accommodations, or why she would need to lie down frequently. The opinions of Doctors Grattan and Glass—that McEachin could return to sedentary work with appropriate limitations—are persuasive. McEachin has not shown that she was totally disabled due to a physical impairment, prior to the April, 2021 termination of benefits.

14

### f. Plaintiff's Objection 6

Finally, McEachin objects to Judge Stafford's finding that McEachin exhausted the policy's 24-month benefit period for disabilities caused by mental or nervous disorders. She argues that when she was awarded benefits initially, it was purely for her physical disabilities and not for any mental condition. Reliance responds that there had always been a mental component to McEachin's disability, and that the previous benefit award was based at least in part on those mental conditions.

The parties do not dispute that, as of April, 2021 when Reliance terminated McEachin's benefits, she was totally disabled from full-time work because of a mental impairment. As Dr. Dlugach—a Reliance file reviewer and board certified psychiatrist—explained, McEachin "did not have capacity to work . . . as of 4/2/21 . . . in any capacity due to severe symptoms of depression and anxiety" and other conditions. ECF No. 9, PageID.560.

The policy provides that benefits for disabilities "caused by or contributed to by mental or nervous disorders" will not be paid beyond an "aggregate lifetime maximum duration" of 24 months. ECF No. 9, PageID.46. In *Okuno v. Reliance Standard Life Ins. Co.*, the Sixth Circuit explained that identical language excluded coverage "only when the claimant's physical disability was insufficient to render him totally disabled." 836 F.3d 600, 608-609. (6th Cir. 2016). While *Okuno* did not address the precise situation of this case, the logic of *Okuno* dictates the

15

result here. If, at some point, McEachin's physical disability was insufficient to render her totally disabled while she received benefits for total disability, the "clock" on the policy's 24-month limit for mental or nervous disorder-related disability would begin to run at that time. Reliance bears the burden of proof on that issue. *Id.* at 609.

On her initial disability claim form, McEachin reported that she was unable to work due to "recurrent headaches, neck and back pain" caused by a car crash. ECF No. 9, PageID.587. There was no mention of the kind of psychiatric or cognitive symptoms that would suggest any mental impairment. Nevertheless, there can be no dispute that psychiatric symptoms have existed in this case for some time; McEachin's medical records reflect ongoing treatment for a mental health condition. For example, beginning in approximately July, 2019, McEachin received regular treatment from Eileen Craig, a Licensed Professional Counselor. ECF No. 9-2, PageID.1739-1778; ECF No. 9-3, PageID.2231-2252.

In responding to McEachin's objection, Reliance argues that "mental issues were a *part* of [McEachin's] claim since the beginning." D's. Resp., ECF No. 22, PageID.3854 (emphasis added). But in *Okuno*, the Sixth Circuit specifically rejected the argument that the "mere presence of a psychiatric component" in a disability claim justifies application of a mental health limitation. *Okuno*, 836 F.3d at 607. Rather, a time limitation for mental health-related disability applies when a claimant's physical conditions are insufficient to render them disabled,

16

and mental impairment is thus a but-for cause of a claimant's overall total disability.

Reliance argues that McEachin does not "cite to any evidence in support of her position" that her benefits were awarded solely on the basis of physical impairments. ECF No. 22, PageID.3853. But that is not McEachin's burden. If Reliance seeks to rely upon a retroactive application of the mental impairment exclusion to limit benefits, it must bear the burden of showing that its prior award of benefits was for a mental disability. And in light of *Okuno*, it can only do so if it shows that mental impairment was a but-for cause of McEachin's total disability. Reliance has not made such a showing, instead merely reiterating that mental symptoms were a "part" of McEachin's claim.

Not only has Reliance failed to show that mental impairment was a but-for cause of McEachin's total disability claim prior to April, 2021, Reliance appears to have concluded just the opposite. When it initially terminated McEachin's benefits in 2020, Reliance determined that McEachin's medical records reflected no "evidence of moderate to severe psychiatric symptoms or resulting functional impairments." ECF No. 9, PageID.181, 555. Reliance further stated that "there were no findings" that McEachin "would be precluded from working" while receiving psychotherapy. *Id.* And Nicole Joyce, a clinical social worker who reviewed McEachin's behavioral health treatment records in November,

17

2020, opined that "lack of consistent work function due to psychiatric impairment [was] not supported." *Id.* at PageID.183-84.

Reliance has not shown that, at any point during the period in which it paid benefits, McEachin's physical disability was insufficient to render her totally disabled. And, as Reliance concedes, McEachin is now precluded from work due to a mental impairment. *See* ECF No. 9, PageID.560. Accordingly, McEachin has not exhausted the 24-month cap on benefits due to a mental impairment, and that period began to run on April 1, 2021 when Reliance determined both that McEachin was no longer disabled due to a physical condition, and *was* disabled due to a mental condition. Accordingly, Reliance must pay McEachin benefits until the 24-month period is exhausted, so long as McEachin has been and continues to be totally disabled from work because of a mental impairment.

## IV.   CONCLUSION

After careful review, Magistrate Judge Stafford's Report and Recommendation is **ACCEPTED IN PART AND REJECTED IN PART**. Plaintiff's motion for summary judgment (ECF No. 10) is **GRANTED IN PART AND DENIED IN PART**, Defendant's motion for summary judgment (ECF No. 11) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Report and Recommendation is **REJECTED** with respect to its conclusions regarding the 24-month limit

for benefits due to a mental impairment. The Report and Recommendation is **ACCEPTED AND ADOPTED** in all other respects.

Reliance is **ORDERED** to pay McEachin long-term disability benefits due under the plan starting on the day it denied McEachin's physical impairment claim, which appears to be April 1, 2021. Benefits shall be paid up to the 24-month maximum duration so long as McEachin has remained and continues to remain totally disabled and satisfies all other policy requirements.

Any request for an award of attorney fees must be filed, along with documentation in support, within 21 days of the day this Order issues. Defendant may respond within 14 days thereafter.

As all of the outstanding claims in this matter have been fully resolved, this case is hereby **DISMISSED** with prejudice. The Court will retain jurisdiction to consider any request for reasonable attorney's fees.

**IT IS SO ORDERED.**

DATED this 23rd day of March, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge