UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANNETTE MCEACHIN,**<br>Plaintiff,<br>**v.**<br>**RELIANCE STANDARD LIFE INSURANCE COMPANY,**<br>Defendant. | **2:21-CV-12819-TGB-EAS**<br>HON. TERRENCE G. BERG<br>**ORDER DENYING MOTION FOR ATTORNEY FEES (ECF NO. 45)** |

This case concerns Plaintiff Annette McEachin's entitlement to benefits under a long-term disability plan pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). McEachin, a human resources manager, stopped working after experiencing two car accidents and serious mental health challenges resulting from her son's death by suicide.

Before the Court is Plaintiff's Second Motion for Attorney Fees and Costs. ECF No. 45. For the following reasons, the Court **DENIES** Plaintiff's motion.

## I. BACKGROUND

The Court incorporates the factual and procedural background summarized in its March 23, 2023 order adopting in part and rejecting in part Magistrate Judge Stafford's R&R. ECF No. 23.

In that Order, the Court accepted Judge Stafford's conclusion "that McEachin was not disabled by a physical condition as of April 2021." *Id.* at PageID.3856.

Additionally, the Court rejected Judge Stafford's conclusion that "McEachin has exhausted the policy's 24-month limit on benefits for mental conditions as of April 2021." *Id.* Accordingly, the Court ordered Defendant Reliance Standard Life Insurance Company to "pay McEachin long-term disability benefits due under the plan starting on the day it denied McEachin's physical impairment claim, which appears to be April 1, 2021." *Id.* at PageID.3874. The Court added that "Benefits shall be paid up to the 24-month maximum duration so long as McEachin has remained and continues to remain totally disabled and satisfies all other policy requirements." *Id.*

On the same day, March 23, 2023, this Court entered a final judgment dismissing this case with prejudice. ECF No. 24.

Defendant appealed the Court's decision holding that it owed McEachin at least 24 months of benefits running from April 2021 to April

2023. *See* ECF No. 40, PageID.4033. The Sixth Circuit affirmed this Court's decision. *Id.* at PageID.4038.

McEachin cross-appealed the portion of the Court's decision that held that McEachin's physical disabilities in April 2021 no longer made her totally disabled. *See id.* The Sixth Circuit rejected McEachin's first argument on this point, *id.* at PageID.4039, and found that McEachin's second argument had not been raised below, *id.* at PageID.4040. Thus, the Sixth Circuit concluded that "[t]he district court should look at this point," the second argument that had not been raised, "in the first instance." *Id.*

On November 13, 2024, the Sixth Circuit issued its opinion and judgment. *Id.* On December 30, 2024, the Sixth Circuit issued its mandate. ECF No. 41. On the same day, this Court reopened the case.

On October 20, 2025, the Court entered a stipulated order. ECF No. 44. The stipulated order stated that

> As a result of the Sixth Circuit's decision in this case, the court orders Reliance Standard to pay Plaintiff long- term disability benefits covering the period from April 1, 2021 through

> October 8, 2021, the date of the administrative appeal decision by Reliance Standard.

*Id.* at PageID.4054.

In the same order, the Court granted Plaintiff's first motion for attorney fees, awarding $24,530.00 for work performed in this Court before the appeals. *Id.*; ECF No. 35.

On November 17, 2025, Plaintiff filed a second motion for attorney fees. ECF No. 45. In that motion, Plaintiff requested attorney fees for work performed related to the appellate litigation and work performed in this Court following remand. *See* ECF No. 47-1. Defendant responded. ECF Nos. 48, 49, and Plaintiff replied, ECF No. 50.

## II. STANDARD OF REVIEW

The Court has discretion to award reasonable attorney fees in ERISA cases. 29 U.S.C. § 1132(g)(1). As long as a claimant has achieved "some degree of success on the merits," the district court can allow reasonable attorney fees and costs to be awarded. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). In evaluating the reasonableness of fees in ERISA litigation, the Court considers five factors, also known as the "*King* factors," none of which is determinative alone: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an attorney fee award; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a

common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Schwartz v. Gregori*, 160 F.3d 1116, 1118 (6th Cir. 1998); *Secretary of the Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). The party seeking attorney fees bears the burden of presenting evidence that the proposed attorney fees are reasonable. *Hensley v. Eckerhardt*, 461 U.S. 424, 437 (1983).

## III. ANALYSIS

Defendant opposes Plaintiff's motion on two grounds: (1) Plaintiff's motion must be denied because it is untimely and (2) If timely, the motion nevertheless fails based on the application of the *King* factors. ECF No. 49, PageID.4133.

The Court begins with the question of timeliness.

### 1. Timeliness of the Motion

The parties agree that Local Rule 54.1.2(a) governs the timeliness of Plaintiff's motion. ECF No. 49, PageID.4135; ECF No. 50, PageID.4143. Under Local Rule 54.1.2(a) "[a] motion for attorneys' fees and related non-taxable expenses pursuant to Fed. R. Civ. P. 54(d)(2) must be filed no later than 28 days after entry of judgment." For purposes of Fed. R. Civ. P. 54, the term "judgment" is defined to include a "decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a); *see F.P. Dev., LLC v. Charter Twp. of Canton*, No. 18-13690, 2022 WL 17485557, at *2 (E.D. Mich. Dec. 7, 2022) (Steeh, J.).

Defendant argues that because "[t]he fees sought by Plaintiff are related to the appeals filed in the Sixth Circuit," the relevant date was November 13, 2024, the date on which the Sixth Circuit "entered its Judgment." ECF No. 49, PageID.4136.

Plaintiff argues that the relevant date should be considered October 20, 2025, when this Court entered the parties' stipulated Order requiring Defendant to pay "long-term disability benefits … for the period covering April 1, 2021 through October 8, 2021 [and] further remanded the case to Defendant to determine eligibility for long- term disability benefits after October 8, 2021 … and stayed the case until further order." ECF No. 50, PageID.4143.

Plaintiff's time limit for requesting appellate fees runs from the date of the Sixth Circuit's judgment or mandate. *See*, *e.g.*, *Reed-Bey v. Pramstaller*, No. 06-10934, 2012 WL 2741488, at *1 (E.D. Mich. July 9, 2012) ("I find that L.R. 54.1 sets forth the time limit for requesting appellate fees, including the filing fee for the appeal. That time would ordinarily run from the date of the Sixth Circuit's judgment or mandate.").

Here, as stated, the Sixth Circuit issued its opinion on November 13, 2024. ECF No. 40. And the mandate issued on December 30, 2024. An application for attorneys' fees for the appellate work would have to have been filed certainly no later than 28 days after the mandate. Here, it was filed nearly a year later, on November 17, 2025. ECF No. 45. Thus,

Plaintiff's motion for attorney fees for work performed related to the appellate litigation must be **DENIED** as untimely. Moreover, as the Court explains below, even if Plaintiff's motion for attorney fees for work performed related to the appellate litigation was timely, Plaintiff has failed to meet its burden of presenting evidence that the proposed attorney fees are reasonable under the applicable caselaw. Accordingly, even if Plaintiff's motion had been timely, it would be denied.

Plaintiff also moves for attorney fees relating to work in this Court following remand. *See* ECF No. 47-1. The time for Plaintiff to request attorney fees relating to that work began running on October 20, 2025, when the Court entered the stipulated order, ordering Defendant to "pay Plaintiff long-term disability benefits covering the period from April 1, 2021 through October 8, 2021." ECF No. 44, PageID.4054. Plaintiff's motion was filed on November 17, 2025, within 28 days of October 20, 2025. Accordingly, Plaintiff's motion for attorney fees for work performed in this Court following remand is timely.

**2. Application of the *King* factors**

The parties agree that when considering whether to grant an award of attorneys' fees in an ERISA case, the Court must consider the five factors set out in *Secretary of the Department of Labor v. King*, 775 F.2d 666 (6th Cir. 1985). These factors are:

> (1) the degree of the opposing party's culpability or bad faith;
> (2) the opposing party's ability to satisfy an award of

> attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Schwartz*, 160 F.3d at 1118.

Crucially, these factors are analyzed with reference to the stage of the litigation for which attorney fees are sought. *Cf. id.* at 1120. For instance, "where an appellee seeks attorney's fees and costs for services performed in connection with defending an appeal, we review whether the appellant pursued this appeal in bad faith and not whether the appellant's conduct which resulted in litigation warrants a finding of bad faith or culpability." *Id.*

Defendant argues that Plaintiff's motion applies the *King* factors to Defendant's underlying conduct, rather than to its pursuit of the appeal, as *Schwartz* requires. ECF No. 49, PageID.4137.

Plaintiff argues that *Schwartz* does not apply because "unlike in *Schwartz*, not only did Plaintiff's council [sic] perform services in connection with Defendant's appeal to the Sixth Circuit, Plaintiff also filed a cross-appeal with the Sixth Circuit. Plaintiff prevailed in both appeals." ECF No. 50, PageID.4144.

Plaintiff's argument is without merit. First, *Schwartz* itself involved a cross-appeal: the applications for attorney fees at issue sought compensation for "services rendered in connection with defending

Gregori's appeal and pursuing Schwartz's cross-appeal." *Schwartz*, 160 F.3d at 1118. Second, even if the Court were to accept Plaintiff's purported distinction, it does not weigh on *Schwartz*'s holding that the *King* factors are measured against the conduct for which compensation is sought. *See*, *e.g.*, *id.* at 1119–20 ("the appellees maintain that, because Schwartz seeks appellate fees and costs, courts should review whether the Gregori defendants pursued their appeal in bad faith. Logic dictates the answer to this question; where an appellee seeks attorney's fees and costs for services performed in connection with defending an appeal, we review whether the appellant pursued this appeal in bad faith and not whether the appellant's conduct which resulted in litigation warrants a finding of bad faith or culpability"). Accordingly, the Court sees no reason to depart from the Sixth Circuit's holding in *Schwartz*.

The Court addresses each factor in turn.

First, the Court must consider the degree of the opposing party's culpability or bad faith. *Id.* at 1118.

With regard to Plaintiff's request for attorney fees for work performed related to the appellate litigation, the Court "review[s] whether the appellant pursued this appeal in bad faith." *Id.* at 1120. Plaintiff offers no argument that Defendant's appeal of the Court's conclusion that Defendant owed McEachin at least 24 months of benefits running from April 2021 to April 2023 was pursued in bad faith. *See* ECF No. 45, PageID.4068–69. Nor does Plaintiff offer any argument that

Defendant's response to Plaintiff's appeal of the Court's conclusion that McEachin's physical disabilities in April 2021 no longer made her totally disabled was pursued in bad faith. *Id.* Accordingly, Plaintiff has not met her burden of proof. In any case, the Court is cognizant of the fact that Defendant's appeal sought to restore the recommendation of Judge Stafford. Where a magistrate judge's thoughtful opinion supports the same position that a party argues on appeal, it cannot be said that the appeal was brought in bad faith. Accordingly, with regard to Plaintiff's request for attorney fees for work performed related to the appellate litigation, this factor weighs in favor of Defendant

With regard to Plaintiff's request for attorney fees for work performed in this Court following remand, the Court reviews whether Defendant's advocacy at that stage was pursued in bad faith. *Cf. Schwartz*, 160 F.3d at 1120. Plaintiff offers no argument that Defendant's advocacy at that stage was pursued in bad faith. *See* ECF No. 45, PageID.4068–69. Accordingly, Plaintiff has not carried her burden of proof. In any case, upon remand, the only significant development was the entering of the October 20, 2025 stipulated order. Thus, Defendant's advocacy at this stage cannot be said to have been pursued in bad faith. Accordingly, with regard to Plaintiff's request for attorney fees for work performed in this Court following remand, this factor weighs in favor of Defendant

Second, the Court considers Defendant's ability to satisfy an award of attorney fees. *Schwartz*, 160 F.3d at 1118. As the Court has already held, Defendant "is a large, national insurance company that would be able to satisfy a fee award." ECF No. 35, PageID.4021. Accordingly, this factor weighs in favor of Plaintiff.

Third, the Court considers the deterrent effect of an award on other persons under similar circumstances. *Schwartz*, 160 F.3d at 1118. With regard to Plaintiff's request for attorney fees for work performed related to the appellate litigation, Plaintiff argues that "[a]n award of attorney fees and costs will inevitably have a deterrent effect on Defendant improperly applying the 24-month limitation for mental impairment, commonly found in their policies, involving claimants similarly situated as Plaintiff." ECF No. 45, PageID.4070. While that is one possible deterrent, the more direct deterrent effect will be on parties "contemplating appeal of a unanswered legal question regarding ERISA with general applicability." *Schwartz*, 160 F.3d at 1120. Such parties "ought not to be deterred for fear of an attorney's fees award." *Id.* at 1120–21. Accordingly, with regard to Plaintiff's request for attorney fees for work performed related to the appellate litigation, this factor weighs in favor of Defendant

With regard to Plaintiff's request for attorney fees for work performed in this Court following remand, the Court finds that parties should not be deterred from settling their disputes. Accordingly, with

regard to Plaintiff's request for attorney fees for work performed in this Court following remand, this factor weighs in favor of Defendant.

Fourth, the Court considers whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA. *Schwartz*, 160 F.3d at 1118. Plaintiff did not seek to confer a common benefit on all participants and beneficiaries of an ERISA plan. Nor did Plaintiff help resolve significant legal questions regarding ERISA: Plaintiff's first argument was rejected, and, as a result of the parties' stipulated order, Plaintiff's second argument has not been presented to this Court on remand. Accordingly, this factor weighs in favor of Defendant.

Lastly, the Court considers the relative merits of the parties' positions. *Id.* The Court finds that the merits of Plaintiff's position on appeal, or on remand, did not significantly outweigh the position of Defendant. The Sixth Circuit had rejected all arguments that had been clearly raised to this Court and directed this Court to "look" at the point raised by Plaintiff's second argument "in the first instance." ECF No. 40, PageID.4040. Regarding the parties' advocacy on remand, the current motion is the Court's first opportunity to assess the merits of the parties' positions. Accordingly, this factor is neutral.

Three of the *King* factors weigh in favor of Defendants, one—the Defendant's ability to satisfy an award of attorney fees—weighs in favor

of Plaintiff, and one is neutral. Upon considering all five of these factors, the Court concludes that an award of attorney fees would not be reasonable.

Accordingly, Plaintiff's motion is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Second Motion for Attorney Fees and Costs. ECF No. 45.

**SO ORDERED.**

Dated: August 17, 2026

s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE